The opinion of the Court was delivered by
Parker C. J.
We think the question in this case wholly turns upon the construction to be given to the St. 1783, c. 42, which defines and limits the powers of justices of the peace, and establishes their jurisdiction in civil actions. By the first section, jurisdiction is given to that class of magis *178 trates, “ of all manner of debts, trespasses, and other matters, not exceeding the value of four pounds, and wherein the title of real estate is not in question.” By the second section, “ when an action of trespass shall be brought before any justice of the peace, and the defendant shall plead the general issue, he shall not be allowed to offer any evidence that may bring the title of real estate in question.” Then follows the provision for pleading the title and removing the action to the Court of Common Pleas.[1]
This provision, in terms, is applicable to all cases of tres pass,[2] and the general object of the statute is, manifestly, to withhold from the jurisdiction of justices the power of hearing and adjudicating upon titles to real estate.
The case before us certainly comes within the words of the statute. It is an action of trespass. The rights of the parties depended upon the title to the lot of land from which the wood, which is the subject of the suit, was cut and taken. That title could not be lawfully received in evidence under the general issue, and the defendant offered a plea of title, according to the provisions of the second section of the statute. But it is said, the legislature used the word trespass in a limited sense, meaning to confine it to trespass quare clausum fregit; and therefore, that neither the restrictive clause in the second section, nor the provision for removing it to the Court of Common Pleas, applies. We see no reason for supposing, that the legislature intended that the word trespass should be thus qualified; indeed such a qualification would, in many cases, defeat the manifestly general intent, as expressed in the first and second sections of the statute. In trespass de bonis asportatis, or in an action of assault and battery, an inquiry into the title of real estate may be necessary, in order to ascertain the rights of parties ; and in such cases, it is quite as important that the jurisdiction of justices should be excluded, as in actions of trespass quare clausum. In ouch cases the defendant must be deprived of a lawful ground *179 of defence, or it must be allowed to be given in evidence • * under the general issue, or to be pleaded as at common law and the issue on the pleadings tried before the justice. It certainly would be a singular state of things, that questions on title thus raised should be triable at one forum, and similar questions arising in actions of trespass quare clausum, should be triable only at another.
It is true that questions of title may incidentally arise in actions other than trespass, as in trover and replevin, and that these are left unprovided for by the statute.[1] But such ques tians will but rarely happen in those actions ; and at any rate, the legislature did not see fit to regard them. It is of ordinary occurrence, in courts of justice, to extend the operation of the statutes beyond the very words, in order to include within their provisions cases which come clearly within their equity It would be to reverse this rule, to exclude cases which come equally within the words and the spirit, by narrowing the force of terms, upon some supposed intention to limit and qualify them.
It is for these reasons we think the plea of title, or soil and freehold, tendered to the justice, ought to have been received, and the cause removed according to the provisions of the statute. Instead of pleading the general issue, the defendant should have appealed from the refusal of the justice to receive his plea, and should have entered his action at' the Court of Common Pleas ; for it is plain, upon the foregoing principles, that the justice was ousted of his jurisdiction as to further proceedings after the plea was tendered. The action having since been entered at the Court of Common Pleas, we think that Court did right to restore the defendant to his plea of title, and that the cause was regularly proceeded in there.
The next question is, whether it was properly brought to this Court by appeal. We shall, for the purpose of settling this question, consider it as an action properly removed from the justice to the Court of Common Pleas, by a plea of *180 title, and then inquire whether such an action may be brought t0 this Court by appeal, by virtue of St. 1820, c. 79.
By the second section of that statute it is enacted, that “ any party aggrieved at the judgment of the Court of Common Pleas, in any real action, or in any personal action, wherein any issue has been joined, in which the debt or damages demanded shall exceed the sum of one hundred dollars, may appeal therefrom,” &c.
The question arises on the first branch only of this provision. Is an action commenced before a justice, in which the title to real estate is pleaded according to the statute, and the action thereby removed to the Court of Common Pleas, a real action, within the intent and meaning of the legislature, as expressed in this provision for appeals ? If we are bound to consider the legislature as having used the words real actions in a strict technical sense, we should be obliged to answer in the negative ; for this action, in its origin, was personal, and it is only incidentally that it has assumed the features of a real action. But we think regard was had by the legislature, to the state of the action after it had become virtually a real action by a plea of title, on which alone it could be tried at the Court of Common Pleas. In St. 1817, c. 185, § 4, which remained in force until repealed by this statute of 1820, it was enacted, “that all actions of trespass shall, for the purposes of this act, be deemed and taken to be personal actions, excepting those in which the title to real estate shall, by the pleadings, be brought into question.” This was a clear expression of the legislative will, that actions like the one before us should be considered as real actions for the purposes of appeal. Although this statute is repealed, yet it seems to show a classification of these actions, in a popular sense, among real actions, which might be assumed as a basis for future legislation upon the subject. So there have been judicial decisions, in which the actions thus brought and pleaded to were regarded in the same light.
Considering therefore the importance in public estimation, of actions which involve the title to real estate, the general sense of the community that such actions ought to receive *181 their final trial at the highest tribunal, and the practice of the bar, under the implied sanction of the Court of Common Pleas in granting and of this Court in receiving appeals, since the statute of 1820, we are of opinion that the legislature intended to comprehend under the phrase real actions, those act'.ms which by plea of title have been regularly removed to the Court of Common Pleas ; that being virtually the first court in which the action can be heard and determined in its new shape, and it being then, in point of fact, though not in technical language, a real action.[1]

Motion overruled.

 See Revised Stat. c. 85, § 1, 3.

 This provision is now extended to every action pending "before a justice of the peace, when it shall appear by the pleadings or otherwise that the title to real estate is concerned or brought in question. Revised Stat. c, 85, § 3

 These actions are now included in the provision. Revised Stat. c. 85, § 3.

 See Revised Stat. c. 85, § 6; Davis v. Mason, ante, 158.